**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

Case No. 3:10-bk-36155-SHB

RAFIA NAFEES KHAN
pka RAFIA N. KHAN IRREVOCABLE TRUST

      Debtor

**MEMORANDUM ON
<u>MOTION TO REOPEN CASE</u>**

**APPEARANCES:**    ARNETT, DRAPER & HAGOOD, LLP
    Dan D. Rhea, Esq.
    Post Office Box 300
    Knoxville, Tennessee  37901-0300
    Attorneys for Debtor

    KENNERLY, MONTGOMERY & FINLEY, P.C.
    Michael S. Kelley, Esq.
    4th Floor, Nations Bank Center
    550 Main Street
    Knoxville, Tennessee  37902
    Attorneys for Regions Bank

**SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE**

Through the Motion of Debtor, Rafia Nafees Khan, to Reopen Case ("Motion to Reopen") filed on October 26, 2015, Debtor asks the Court to reopen this discharged Chapter 7 case to adjudicate the meaning of an arbitration award confirmed by the Knox County Chancery Court against Debtor "as Trustee." If the Court grants the Motion to Reopen, Debtor intends to argue that Tennessee law imposes "legal responsibility . . . *solely* upon [Debtor], as her own '*personal liability*'" [Doc. 61 at p.11 (emphasis added)]; thus, if Debtor is solely liable for the arbitration award in her personal capacity, the arbitration victor is precluded from reaching assets owned by the Rafia N. Kahn Irrevocable Trust ("the Trust") (*i.e.*, primarily Debtor's and her children's residence) to enforce the award. This Court, however, has no jurisdiction to interpret the confirmed arbitration award to determine whether the Trust is liable. Such is for the state court to decide, presumably in a proceeding related to enforcement activity on the judgment. Because this Court need not reiterate the obvious and undisputed fact that Debtor received a discharge from any personal liability relating to the arbitration award, it would be futile to reopen this case. Accordingly, the Motion to Reopen will be denied. In so deciding, the Court has relied on the exhibits and documents attached to the Motion to Reopen and to both parties' respective briefs; the decision of the Tennessee Court of Appeals in *Kahn v. Regions Bank*, 461 S.W.3d 505 (Tenn. Ct. App. 2014), *appeal denied* Mar. 16, 2015, *cert. denied*, 136 S. Ct. 129 (2015); and, pursuant to Rule 201 of the Federal Rules of Evidence, all documents of record in Debtor's bankruptcy case and in *Kahn v. Regions Bank, et al.*, Adv. Proc. No. 3:11-ap-03186-rs ("the Adversary Proceeding").[1]

---

[1] All references to documents of record in Debtor's bankruptcy case will be denoted as [Doc. _], while all references to documents of record in the Adversary Proceeding will be denoted as [Adv. Proc. Doc. _].

I. STANDARD FOR REOPENING UNDER § 350(b)

The authority to reopen a closed bankruptcy case in order to "administer assets, to accord relief to the debtor, or for other cause" is derived from 11 U.S.C. § 350(b). Whether to reopen a case is within the bankruptcy judge's sound discretion, *Rosinski v. Boyd (In re Rosinski)*, 759 F.2d 539, 540-41 (6th Cir. 1985), and the party seeking to reopen bears the burden of proof. *In re Siegal*, 535 B.R. 5, 10 (Bankr. D. Mass. 2015). "In exercising [its] discretion, 'the bankruptcy court should exercise its equitable powers with respect to substance and not to technical considerations that will prevent substantial justice.' For that reason, the bankruptcy judge has broad discretion to weigh the equitable factors in each case." *In re Security Servs., Inc.*, 203 B.R. 708, 710 (Bankr. W.D. Mo. 1996) (quoting *Matter of Shondel*, 950 F.2d 1301, 1304 (7th Cir. 1991)); *see also In re Jenkins*, 330 B.R. 625, 628 (Bankr. E.D. Tenn. 2005) (holding that because the Bankruptcy Code does not define what sort of "cause" is required, the court weighs the underlying equities on a case-by-case basis). Courts should also "consider whether similar proceedings are already pending in state court as well as make a determination as to which forum – state court or bankruptcy court – is most appropriate to adjudicate the issues raised by a motion to reopen." *In re Lazy Days' RV Ctr. Inc.*, 724 F.3d 418, 423 (3d Cir. 2013) (citation omitted); *see also Apex Oil Co., Inc. v. Sparks (In re Apex Oil Co., Inc.)*, 406 F.3d 538, 542 (8th Cir. 2005) (holding that "availability of relief in an alternative forum is a permissible factor on which to base a decision not to reopen a closed bankruptcy case").

Because reopening a Chapter 7 case allows the court an opportunity to act on a debtor's substantive request for relief but affords no independent relief, "[when] determining whether to grant the motion, it is appropriate for the Court to review the legal merits of the relief sought upon reopening." *Boyce v. Citibank, N.A. (In re Boyce)*, No. 10-8307-AST, 2015 WL 9126085,

at *4, 2015 Bankr. LEXIS 4231, at *10 (Bankr. E.D.N.Y. Dec. 15, 2015).  A motion to reopen "should be granted only when the moving party demonstrates a compelling reason to do so, and '[t]he longer the time between the closing of the estate and the motion to reopen[,] the more compelling the reason for reopening the estate should be.'" *In re Owsley*, 494 B.R. 321, 325 (Bankr. E.D. Tenn. 2013) (quoting *In re Skyline Woods Country Club, LLC*, 431 B.R. 830, 835 (B.A.P. 8th Cir. 2010) (citation omitted)).  A case should not be reopened, however, if doing so "would be futile and a waste of judicial resources" because the moving party can be afforded no relief. *Redmond v. Fifth Third Bank*, 624 F.3d 793, 803 (7th Cir. 2010) (citation omitted).

## II. FACTUAL AND PROCEDURAL BACKGROUND

As Debtor explains in the Motion to Reopen, she wants to file an adversary proceeding in the reopened case for a declaratory judgment that 11 U.S.C. § 524(a)(1) voids as violative of the discharge injunction a Final Judgment entered by the Knox County Chancery Court on October 16, 2015 [Doc. 55-2], affirming an arbitration award granted on February 11, 2010, in favor of Regions Bank ("Regions Bank" or "the Bank") and against Debtor in her capacity as Trustee of the Trust for attorneys' fees and expenses in the amount of $25,995.54.  The Bank filed a Memorandum in Opposition to Debtor's Motion to Reopen, arguing that it would be futile to reopen the case because Debtor was seeking impermissibly to collaterally attack a state-court judgment.  A hearing was held on November 19, 2015, after which the Court afforded Debtor and the Bank the opportunity to file briefs in support of their respective positions.  Through its briefs, the Bank raises collateral estoppel and the *Rooker-Feldman* Doctrine as the bases for futility, against which application Debtor vehemently argues.

In its 2014 memorandum opinion in *Kahn*, the Tennessee Court of Appeals succinctly summarized the extensive conflict between Debtor and Regions Bank, which dates to 2008:

Mr. and Mrs. Khan obtained a joint line of credit from the Bank's predecessor secured by a deed of trust on residential property. Mrs. Khan had bought the property in 2004, and, later in 2004, she quitclaimed it to the Rafia N. Khan Irrevocable Trust. This property is where Mrs. Khan and her two children live. The joint line of credit dates from 2006, and it provided for credit up to $80,000. Mrs. Khan signed the credit agreement and disclosure in her individual capacity and signed the deed of trust both in her individual capacity and on behalf of the Trust.

In 2008, Mrs. Khan wanted to close the line of credit. There was some issue about whether or when the paperwork necessary to close the line of credit was processed finally. Before the final processing, Mr. Khan transferred $40,000 from the joint line of credit to his checking account. Mrs. Khan apparently was not consulted and did not approve of this move. The Khans have since divorced.

Mrs. Khan brought this lawsuit in both her individual capacity and as Trustee of the Rafia N. Khan Irrevocable Trust. Mrs. Khan sought to have the Bank's refusal to release the lien on the residential property declared as an "unfair act" under the Tennessee Consumer Protection Act. Per the loan documents, the parties by an agreed order entered into arbitration. The Bank attempted to add Mr. Khan as a party to the arbitration, a move Mrs. Khan successfully opposed.

In November 2009, arbitration took place before the Arbitrator. The Arbitrator's findings as contained in the "Summary" section of the Interim Award and adopted in the Final Award, consisted of the following:

1. Ms. Khan has not proved that Regions Bank has breached the joint line of credit with respect to her;

2. Ms. Khan cancelled her obligations under the joint line of credit by providing Regions Bank with a written notice of cancellation, Exhibit 3;

3. Ms. Khan is not personally liable for the $40,000.00 loan made to Mr. Khan on or about March 12, 2008;

4. It is beyond the power of the Arbitrator to decide whether or not Mr. Khan remains liable to Regions Bank on the line of credit or on some other basis;

5. It is beyond the power of the Arbitrator to decide whether the Deed of Trust secures any such indebtedness Mr. Khan may have to Regions Bank;

6. Ms. Khan is not entitled to an order in this arbitration requiring Regions Bank to release the lien on the property at 3901 South Lake Boulevard;

7. Regions Bank is not liable for any "unfair acts" in violation of the TCPA;

8. Ms. Khan can be held liable for Regions Bank's reasonable attorneys [sic] fees and litigation costs (except as to more than $375.00 in arbitrator's fees) in defending against Ms. Khan's unsuccessful claims;

9. Ms. Khan is not entitled to any recommendations from the Arbitrator to be made to the Knox County, Tennessee Chancery Court;

10. Ms. Khan is not entitled to recover her attorney's fees and costs in this arbitration; and,

11. Regions Bank may serve its petition for attorney's fees as outlined above within ten (10) business days of service on it of this Interim Award. The Claimant shall have ten (10) business days after service of the Petition on it to [sic] which to serve her response. Unless otherwise ordered by the Arbitrator, the hearing will be deemed closed once Claimant responds or the deadline to do so passes, whichever occurs first, and the undersigned shall have fourteen (14) days thereafter in which to serve a Final Award.

Regarding attorney's fees, the Arbitrator stated, in part:

The same day that the hypothecation agreement was signed, August 11, 2006, Mr. and Ms. Khan, individually, and Ms. Khan, as trustee of the aforementioned trust, signed the deed of trust using the property at 3901 South Lake Boulevard as collateral for the "open-end mortgage" with a maximum allowable principal indebtedness of $80,000.00. That deed of trust has never been released and it expressly obligates Ms. Khan to pay the bank's "Defense Costs" (attorney's fees and costs) which the bank incurs in defending unsuccessful claims brought by her against it. This is a matter of contract and is unrelated to the Tennessee Consumer Protection Act claim.

The Arbitrator awarded the Bank $24,678.00 in attorney's fees and $1,317.54 in costs against Mrs. Khan, individually and as Trustee.

The Bank filed a motion in the Trial Court to confirm the award. Mrs. Khan, arguing that the Arbitrator had exceeded his authority in failing to determine whether a lien on the property was created by Mr. Khan's drawing $40,000 from the joint line of credit contrary to Mrs. Khan's wishes before it was closed, filed a motion to vacate. The Trial Court vacated the arbitration award and remanded this matter with instructions to the Arbitrator. The Trial Court's order, in its entirety, states:

This cause came on to be heard, on the 1st day of July, 2010, before the Honorable Daryl R. Fansler, Chancellor, upon the plaintiff's Motion to Vacate Arbitration Award, the briefs of counsel for and against said Motion, and the arguments of counsel in open court, whereupon the court

6

> did find said Motion well taken, and sustained the same, accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED, that the February 11, 2010 Award issued by Robert P. Murrian in this same cause between these same parties shall be and the same hereby is vacated pursuant to the Federal Arbitration Act, 9 U.S.C. § 10(a)(4) ["the United States court ... may make an order vacating the award ... where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."]. Arbitrator Murrian is hereby directed to consider and resolve the issue of whether the application of the Khan Deed of Trust to the home of the plaintiff under all of the circumstances of this case is or would be an "unfair act" within the meaning of that term in the Tennessee Consumer Protection Act, without regard to any perceived interest of Mohammed Azeem Khan, a non-party, in the resolution of that issue.
>
> The Bank appealed to [the Tennessee] Court [of Appeals].

*Khan*, 461 S.W.3d at 506-08.

The Bank's appeal before the Tennessee Court of Appeals in 2010 was stayed when Debtor filed her Chapter 7 bankruptcy case on December 31, 2010. She listed within her statements and schedules a $68,000.00 obligation to Regions Bank secured by a March 11, 2008 home equity line of credit lien on a residence and three unsecured debts to Regions Bank in the amounts of $150,000.00, $61,000.00, and $34,000.00, each incurred in 2006, with the consideration for each described as "purchase of commercial real estate." [Doc. 1.] Additionally, in response to the requirement within her Voluntary Petition to list all other names she had used within the last eight years, Debtor included "Rafia N. Khan Irrevocable Trust"; accordingly, the Court's docket and court-generated documents listed Debtor's name as "Rafia Nafees Khan, pka Rafia N. Khan Irrevocable Trust." [Doc. 1.] Debtor received an unchallenged general discharge on May 6, 2011, and subsequently filed the Adversary Proceeding against the Bank on June 26, 2011, seeking disallowance of the Bank's proof of claim, a judgment voiding the Bank's lien, and compensatory and punitive damages against the Bank. [Adv. Proc. Doc. 1.] Those issues were never addressed; however, because the Adversary Proceeding was dismissed by the Court

on September 29, 2011, for lack of Debtor's standing to seek disallowance of a claim in her no-asset case. [Adv. Proc. Doc. 11.] After all appeals of that dismissal were exhausted by Debtor,[2] her bankruptcy case was closed on January 29, 2015.

At some point after entry of Debtor's discharge and termination of the automatic stay, Regions Bank continued with its appeal of the order by the Knox County Chancery Court that vacated the arbitration award. On November 12, 2014, the Tennessee Court of Appeals ruled, *inter alia*, that "[t]he judgment of the Trial Court vacating the Arbitrator's award is reversed, this cause is remanded to the Trial Court to enter an order confirming the Arbitrator's award but only as to the Rafia N. Khan Irrevocable Trust, and for collection of the costs below." *Khan*, 461 S.W.3d at 512. Notably, the appellate court made clear that the decision "concern[ed] only the Trust and not Mrs. Khan personally as she has been discharged in bankruptcy." *Id.* at 509.

On remand from the Tennessee Court of Appeals, the Knox County Chancery Court entered the Final Judgment on October 16, 2015, stating, in material part, that "[t]he Final Award of arbitrator, Honorable Robert P. Murrian, issued on February 11, 2010, which is of record in this civil action, shall be and the same is hereby confirmed as to the Rafia N. Khan Irrevocable Trust and to Rafia N. Khan as Trustee[3] of the Rafia N. Khan Irrevocable Trust." [Doc. 55-2.] The chancery court's entry of the Final Judgment triggered Debtor's filing of the Motion to Reopen six days later.

---

[2] Debtor appealed this Court's dismissal to the United States District Court for the Eastern District of Tennessee, which ruled by an order entered on October 31, 2012, that Debtor did not meet the requirement of a "person aggrieved" for appellate purposes. [Adv. Proc. Doc. 51.] She then filed an appeal of the District Court's dismissal to the Sixth Circuit Court of Appeals, which also ruled that Debtor was not a "person aggrieved." [Adv. Proc. Doc. 56.]

[3] The Court observes that the language in the Final Judgment does not precisely follow the remand instruction of the court of appeals, which directed the entry of "an order confirming the Arbitrator's award but only as to the Rafia N. Khan Irrevocable Trust, and for collection of the costs below." *Khan*, 461 S.W.3d at 512.

## III. THE INSTANT MOTION

As previously stated, Debtor makes clear her intentions:

8. Rafia N. Khan believes, and plans to claim that the February 11, 2010 arbitration award against her as "trustee [of the Rafia N. Khan Irrevocable Trust]" was discharged by this court's order of May 6, 2011; that the Knox County Chancery Court order of October 16, 2015, confirming that arbitration award is void under the provisions of 11 U.S.C. § 524(a)(1); and that Regions Bank's efforts to obtain that confirmation order violated, and continue to violate, the provisions of 11 U.S.C. § 524(a)(2).

9. Rafia N. Khan, as the debtor-in-bankruptcy, seeks to bring each of those claims in an adversary proceeding against Regions Bank, to obtain a determination of the dischargeability of the prepetition debt created by the arbitration award of February 11, 2010.

[Doc. 55.] Debtor argues that she should be allowed to proceed with her intended adversary proceeding because the arbitration award was "based upon an attorney-fee-shifting provision in a contract the Debtor had with Regions Bank, and that Debtor had signed in both her individual capacity[] and in her capacity as the trustee of the 'Rafia N. Khan Irrevocable Trust[,]'" and [the award] was issued against her "in her dual capacities as an individual[] and as the trustee of the 'Rafia Nafees Khan Irrevocable Trust[.]'" [Doc. 55 at ¶¶ 3, 4.] Thus, Debtor argues, the confirmed arbitration award was within the discharge that she, as "pka Rafia N. Khan Irrevocable Trust," received on May 6, 2011. [Doc. 55 at ¶ 6.]

Debtor seeks for this Court to apply state law to re-interpret and/or reconsider the underlying arbitration award confirmed by the Final Judgment to find that the award "against the Debtor, even as a 'trustee,' provided for her own, and only her own 'personal liability' to Creditor Regions Bank." [Doc. 61 at pp. 5-7.] Such review by this Court, however, is impermissible and violates the *Rooker-Feldman* doctrine, which "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging "state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*,

9

546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 292 (2005)).

> Federal district courts do not stand as appellate courts for decisions of state courts. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). The *Rooker-Feldman* doctrine "prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Luber v. Sprague,* 90 F. App'x 908, 910 (6th Cir. 2004). . . . On the other hand, the *Rooker-Feldman* doctrine does not bar "a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil,* 544 U.S. at 293; *see also Evans v. Cordray,* 424 F. App'x 537 (6th Cir. May 27, 2011).

*Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013). Courts may apply the doctrine only if "(1) the federal plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state-court judgments, (3) those judgments were rendered before the federal suit was filed, and (4) the plaintiff is inviting the district court to review and reject the state-court judgments." *In re Burchill*, 591 F. App'x 176, 179 (3d Cir. 2015) (citation omitted). The relevant inquiry is whether the state-court judgment being challenged is "the source" of the injury upon which the federal claim is based and not simply whether it is "inextricably intertwined" with the judgment; i.e., "[i]f the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, . . . then the plaintiff asserts an independent claim." *Kovacic v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 606 F.3d 301, 309-10 (6th Cir. 2010).

In this instance, Debtor's intended relief if her case is reopened meets all of the requirements for application of the *Rooker-Feldman* doctrine. Entry of the Final Judgment confirming the arbitration award is a state-court loss by Debtor; the injury she complains of – that the Final Judgment could only apply to her personal liability – is traced to the Final Judgment confirming the arbitration award; the arbitration award was entered prior to the filing

10

of her bankruptcy case;[4] and she wants this Court to determine that the Final Judgment is void, thereby also rendering the underlying arbitration award void in contradiction to the directives of the Tennessee Court of Appeals. What Debtor seeks from this Court is beyond its jurisdiction.

A Chapter 7 discharge does not extinguish a debtor's debts; however, it releases the debtor from any personal liability for the debts. *In re Williams*, 291 B.R. 445, 446 (Bankr. E.D. Tenn. 2003). Once discharge is granted, by virtue of the discharge order, in addition to being released from personal liability for pre-petition debts, the discharged debtor falls under the protection of the discharge injunction of 11 U.S.C. § 524(a), which imposes an injunction against commencing or continuing an action against the debtor or his or her property based on a discharged debt. In summary, "Section 524(a) was designed to 'ensure that once a debt is discharged, the debtor will not be pressured in any way to repay it.'" *In re Leonard*, 307 B.R. 611, 613 (Bankr. E.D. Tenn. 2004) (citations omitted). "The discharge injunction is self-executing and is not affected by any conduct of a debtor, including waiver." *In re Stewart*, No. 09-71845, 2013 WL 2109317, at *5, 2013 Bankr. LEXIS 1983, at *14-15 (Bankr. C.D. Ill. May 15, 2013). Accordingly, an adversary proceeding is not necessary to reiterate the fact that Debtor's personal assets may not be used to collect any pre-petition debt, and Debtor's bankruptcy discharge may be raised as an affirmative defense in state-court proceedings. Tenn. R. Civ. P. 8.03.

Moreover, the Final Judgment, on its face, is not contrary. It does not purport to charge Debtor with any obligation in her individual capacity. Such could only result if the state court were to construe the arbitration award as imposing personal liability on Debtor under her theory

---

[4] Debtor makes clear that the source of the injury she seeks to redress is the arbitration award that was first addressed by the Tennessee Court of Appeals in *Kahn* and subsequently confirmed by the Final Order of the chancery court entered on October 16, 2015: she "intends to introduce the arbitrator's 'Final Award,' itself an inherently contractual instrument, to show that the arbitrator's award against the Debtor, even as a 'trustee,' provided for her own, and only her own 'personal liability' to Creditor Regions Bank." [Doc. 61 at p. 7.]

11

of Tennessee law.  Indeed, Debtor acknowledges that "the Court of Appeals apparently assumed that the arbitration award against Rafia Khan 'as trustee' amounted to an award against 'the Trust' as a separate entity.  Based upon that apparent assumption, the Court of Appeals ordered the Knox County, Tennessee Chancery Court to confirm the arbitration award 'as it regards the Rafia N. Khan Irrevocable Trust' and 'only as to the Rafia N. Khan Irrevocable Trust.'"  [Doc. 67 at pp. 2-3 (citing *Khan*, 461 S.W.3d at 509, 511-12).]  If the court of appeals "assumed" without deciding the effect of the arbitration award on the Trust, then the Trust, acting by and through its Trustee, may challenge that "assumption" in state court.

Simply, it would be futile and a waste of judicial resources, as well as the resources of Debtor and Regions Bank, to reopen this case for Debtor to pursue an adversary proceeding that would do nothing more than reiterate that Debtor received a discharge as to any personal liability relating to the arbitration award.[5]  Debtor's underlying question whether the Final Judgment may be enforced against Trust assets is not for this Court.  Rather, Debtor's remedies lie in the state court.[6]

---

[5] Although the Court finds it unnecessary to address the Bank's collateral estoppel arguments, it nevertheless will do so briefly.  Under Tennessee law, the doctrine of collateral estoppel requires the following proof:

> (1) that the issue sought to be precluded is identical to an issue decided in an earlier proceeding; (2) that the issue sought to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding; (3) that the judgment in the earlier proceeding has become final; (4) that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding; and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded.

*Gray v. Vinsant (In re Vinsant)*, 539 B.R. 351, 357 (Bankr. E.D. Tenn. 2015) (citing *Mullins v. State*, 294 S.W.3d 529, 535 (Tenn. 2009)).  In its initial brief filed on November 18, 2015, Regions Bank argues that "the Trust was a separate legal entity from the Debtor and that the arbitration award could be imposed upon the Trust without violating the discharge injunction imposed by § 524(a)(2)."  [Doc. 57 at pp. 6-7.]  Debtor's requested relief before this Court, however, did not seek to undo that particular (or any other) finding made by the Tennessee Court of Appeals.  Accordingly, if this Court were to reach the Bank's collateral estoppel argument, the requirements of the doctrine not having been met, the Court would find the doctrine inapplicable.

[6] Specifically, this Court notes that Debtor has several options to obtain the ultimate relief she seeks:  (A) by seeking a clarification of the Final Judgment from the Knox County Chancery Court with regards to whether Trust assets may be attached; (B) by opposing any future enforcement actions by Regions Bank against Debtor individually

12

      For the foregoing reasons, the Motion to Reopen will be denied, and the Court will enter an Order consistent with this Memorandum.

FILED: January 26, 2016

                              BY THE COURT

                              /s/ *Suzanne H. Bauknight*

                              SUZANNE H. BAUKNIGHT
                              UNITED STATES BANKRUPTCY JUDGE

---

and/or against her individual assets by raising the discharge injunction as a defense in state court or, at that time, asking this Court to reopen her case in order to file a motion for contempt against Regions Bank for violating the discharge injunction by attempting to enforce the Final Judgment against Debtor individually; and (C) by opposing any future enforcement actions by Regions Bank against Debtor in her capacity as Trustee of the Trust and/or against Trust assets by raising in state court her arguments that, based on the wording of the contract with Regions Bank and the Tennessee Uniform Trust Code, she, in her individual capacity, solely bore all liability for the obligations to Regions Bank at issue in the arbitration award and that such liability was discharged.

13